UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MANUEL GUARDIOLA,

Plaintiff,

v.

SKINNER PLUMBING & HEATING CORP.,

Defendant.

**ECF CASE**

Case No: 1:15-CV-00817

**STIPULATION AND ORDER
OF DISMISSAL WITH
PREJUDICE ON CONSENT**

This Stipulated Order of Dismissal is entered into by the parties through their undersigned attorneys.

WHEREAS the parties have agreed, subject to Court approval of the parties' settlement, to dismissal with prejudice of all causes of action in Plaintiff's Complaint, dated February 17, 2015;

WHEREAS the Court has been advised of the settlement and has determined that the terms of the settlement of this litigation are fair and reasonable;

NOW THEREFORE, the Court hereby dismisses this action with prejudice. The parties shall bear their own costs.

1

Dated: New York, New York
       August 12, 2015

ABDUL HASSAN LAW GROUP, PLLC

_____
Abdul K. Hassan

215-28 Hillside Avenue
Queens Village, New York 11427
(718) 740-1000

*Counsel for Plaintiff Manuel Guardiola*

MOSKOWITZ & BOOK, LLP

_____
M. Todd Parker

345 Seventh Avenue, 21st Floor
New York, New York 10001
(212) 221-7999

*Counsel for Defendant*

**SO ORDERED.**

_____
Hon. I. Leo Glasser, U.S.D.J.

8/17/15

2

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT and General Release (the "Agreement") is entered into by and between Manuel Guardiola ("Guardiola" or "Plaintiff") and Skinner Plumbing & Heating Corp. ("Skinner" or "Defendant" or the "Company") and is dated as of August 8, 2015. The parties shall be referred to herein individually as a "Party" and collectively as the "Parties."

WHEREAS, Guardiola commenced *Guardiola v. Skinner Plumbing & Heating Corp.,* Index No. 15-CV-0817 (E.D.N.Y.) (the "Action") alleging that he was eligible for certain unpaid wages and/or overtime pay and that the Company violated his rights under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and the Company denies such claims;

WHEREAS, the Parties desire to avoid the costs, risks and delays associated with litigation and to put to rest any and all possible disputes between them, known or unknown, concerning any claim to unpaid compensation, wages and/or overtime pay, including but not limited to the First, Second and Third causes of action in the Action;

NOW, THEREFORE, in consideration of the promises and agreements herein contained, the legal sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, it is hereby agreed among the Parties as follows:

1. **Incorporation of Recitals**. The statements set forth in the "Whereas" clauses recited above are hereby incorporated by reference into this Agreement and made a part hereof.

2. **Consideration**. In consideration for Guardiola signing this Agreement and the releases of all claims herein, Defendant agrees to make the following payments for a total settlement payment of $47,500:
    (a) A payment to "Manuel Guardiola" in the amount of Fifteen Thousand, Six Hundred and Eighty Dollars ($15,680), less applicable taxes and legal deductions, within ten (10) days of defendants receiving a copy of this Agreement signed by Mr. Guardiola;

    (b) A payment to "Manuel Guardiola" in the amount of Fifteen Thousand, Six Hundred and Eighty Dollars ($15,680), representing liquidated and other damages, within ten (10) days of defendants receiving a copy of this Agreement signed by Mr. Guardiola;

    (c) A check made payable to "Abdul Hassan Law Group, PLLC," in the amount of Sixteen Thousand, One Hundred and Forty Dollars ($16,140), representing a 1/3 contingency fee on $47,500, less costs of $460, for total fees and costs of $16,140 ($15,680, plus costs of $460), within ten (10) days of defendants receiving a copy of this Agreement signed by Mr. Guardiola;

    (d) The payments to Plaintiff Guardiola and his counsel herein shall be sent by overnight delivery such as FEDEX or UPS to the office of Plaintiff's counsel Abdul K. Hassan, Esq., located at 215-28 Hillside Avenue, Queens Village, NY 11427.

    (e) Defendant knowingly and voluntarily releases and forever discharges Plaintiff of and from any and all claims, whether known and/or unknown, it has or may have against Plaintiff as

of the date of execution of this Agreement,

(f) Guardiola expressly acknowledges and warrants that he is, and shall be, responsible for all federal, state, and local tax liabilities that may result from the payment described in this Section and hereby warrants that the Company shall bear no responsibility for any such tax liabilities. Guardiola further agrees and acknowledges that he shall indemnify and hold harmless the Company for any possible federal, state, or local tax liabilities resulting from such payments and that he shall reimburse any taxes, interest and/or penalties assessed against the Company for any such tax liabilities cause by such payment.

3. **No Consideration Absent Execution of This Agreement**.  Plaintiff understands and agrees that he would not receive the monies and/or benefits specified in Paragraph 2 above, except for his execution of this Agreement and the stipulation of discontinuance as per the following Section 4.

4. **Dismissal of the Action**.

a.   Appended to this Agreement as Exhibit A is a Stipulation and Order of Dismissal With Prejudice on Consent ("Stipulation of Dismissal").  Concurrently with the execution of this Agreement, the Parties shall execute the Stipulation of Dismissal and further agree to take such other action as necessary to withdraw or dismiss the settled causes of action.

b.   It is agreed that the Court before which the Action is currently pending shall retain jurisdiction over this matter for purposes of enforcing this Agreement.

5. **General Release of Claims by Plaintiff**.

a.   This Agreement is intended to release all claims concerning any claim to unpaid Compensation, wages and/or overtime pay, liquidated damages, and attorneys' fees including but not limited to the First, Second and Third causes of action in the Action.

b.   In exchange for the payment set forth above, Guardiola, on behalf of himself, his agents, representatives, assignees, attorneys, heirs, executors, and administrators (collectively referred to as "Releasors"), release the Company, its predecessors, successors and assigns, its and their current and former direct and indirect parents, affiliates, subsidiaries, divisions, and related business entities, and its and their current and former officers, directors, shareholders, employees, agents, and representatives (individually and collectively "Releasees") from any and all controversies, claims, demands, promises, actions, suits, grievances, proceedings, complaints, charges, liabilities, damages, debts, allowances, bonus, stock, stock options, costs, expenses, attorneys' fees on the released claims, and remedies of any type which may be waived under applicable law (individually and collectively, "Claims") that Releasors may have by reason of any matter, cause, act, or omission, including, without limitation, those arising out of or in connection with Guardiola's employment with or separation from the Company. This release applies to Claims that Releasors know about and those Releasors may not know about arising at any time up to the date Guardiola signs this Agreement.

2

c.  The release granted by Guardiola herein includes, but not is not limited to, any Claim based on any alleged violation of any and all of the following:

- Title VII of the Civil Rights Act of 1964;

- The Civil Rights Act of 1991;

- Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974;

- The Immigration Reform and Control Act;

- *The Sarbanes-Oxley Act of 2002;*

- The Americans with Disabilities Act of 1990;

- The Age Discrimination in Employment Act of 1967;

- The Fair Credit Reporting Act;

- The Fair Labor Standards Act;

- The New York State Executive Law (including its Human Rights Law);

- The New York State Labor Law;

- The New York wage and wage–hour laws;

- The New York City Administrative Code (including its Human Rights Law);

- Any other federal, state or local civil, human rights, bias, whistleblower, discrimination, retaliation, wage, compensation, employment, labor or other local, state or federal law, regulation or ordinance;

- Any amendments to the foregoing laws;

- Any benefit, payroll or other plan, policy or program;

- Any public policy, contract, third-party beneficiary, tort or common law claim; or,

- Any claim for costs, fees, or other expenses on the released claims

3

including attorneys' fees and on the released claims.

d.  Guardiola acknowledges and agrees that he hereby waives his right to any monetary or other recovery of any kind for any Claims released herein against the Company or the Releasees in any forum, or in any other federal, state or local court or in arbitration, any administrative proceeding with any federal, state or local administrative agency, or any applicable dispute resolution procedure. In addition, Guardiola is waiving his right to pursue any disputes against the Company and the Releasees under any applicable dispute resolution procedure including any arbitration policy arising up to the date Guardiola signs this Agreement.

e.  Notwithstanding anything herein, Releasors also expressly reserve and do not release: (i) Guardiola's rights under this Agreement and (ii) Claims arising after the date Guardiola signs this Agreement or Releasors' right to bring a claim to enforce this Agreement.

6.  **Governing Law and Interpretation**.  This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict or choice of law provisions.  In the event the Plaintiff or the Company breaches any provision of this Agreement, Plaintiff and the Company affirm that either may institute an action to specifically enforce any term or terms of this Agreement. If any provision of this Agreement is declared illegal or unenforceable by any court of competent jurisdiction, the parties agree the court shall have the authority to modify, alter or change the provision(s) in question to make the Agreement legal and enforceable. If this Agreement cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  If the general release language is found to be illegal or unenforceable, Plaintiff and the Company agree to execute any necessary replacement release(s).

7.  **Amendment; Waiver**.  This Agreement may not be modified, altered or changed without the express written consent of both parties wherein specific reference is made to this Agreement. Any waiver by any Party of a breach of any provision of this Agreement shall not operate as or be construed to be a waiver of any other breach of such provision or of any breach of any other provision of this Agreement.  The failure of a Party to insist upon strict adherence to any term of this Agreement on one or more occasions shall not be considered a waiver or deprive that Party of the right thereafter to insist upon strict adherence to that term or any other term of this Agreement.

8.  **Resolution of Disputes**.  The parties agree that the Court in this action shall retain jurisdiction to resolve any disputes arising out of this Settlement Agreement and the settlement of this action.

9.  **No Admission of Wrongdoing**.  The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by either party of any liability or unlawful conduct of any kind. This Agreement does not constitute an admission of liability or wrongdoing by the Company or the Releasees, and the Company denies that it is responsible or legally obligated to Guardiola for his claims, or that it has engaged in any wrongdoing. The Parties agree that this Agreement is not

4

evidence, and shall not raise an inference, that Guardiola or the Releasees engaged in any unlawful or wrongful conduct.

10. **Acknowledgement of Duty to Refrain from Defamation**. Each party hereto agrees to refrain from making any knowing and willful statement, written or oral, about or concerning the other party that is untrue or that defames that other party. For the avoidance of doubt, nothing in this Agreement is intended to prevent any party from making any truthful statement, including in connection with testimony in any legal proceeding. The Court will retain jurisdiction to resolve any dispute arising under this paragraph. Any party claiming a breach of this provision bears the burden of establishing and proving the breach by a preponderance of the evidence. Plaintiff does not waive any argument that this provision is void as against law and public policy.

11. **Confidentiality.** To the extent allowed by law, the parties agree to keep the terms of this Agreement confidential, except that disclosures may be made if required by law, rule or policy or for reasonable and legitimate business and personal needs including but not limited to situations involving public benefits, financial aid, bank loans, credit worthiness, tax preparation and legal assistance.

12. **Entire Agreement**. This Agreement sets forth the entire agreement between the parties hereto, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement, and Plaintiff's consent to this Agreement is given freely, voluntarily, and with full knowledge and understanding of this Agreements contents.

13. **Bona Fide Dispute**. Plaintiff affirms that in the Action he asserted a claim seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and related regulations and/or common law theories and affirms that there is a bona fide dispute as to such FLSA claims which are being settled and released by this Agreement.

14. **Section Headings**. Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

15. **Legal Fees**. Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

16. **Joint Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

17. **Counterparts.** This Agreement, and any document required to be executed in connection with it, may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. A facsimile or email signature on the Agreement or Exhibit A shall be valid as an original.

18. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Guardiola was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Guardiola is competent to execute this Agreement and knowingly and voluntarily waives any and all claims he may have against the Company.

**PLAINTIFF HAS BEEN ADVISED THAT HE HAS TWENTY-ONE (21) CALENDAR DAYS TO REVIEW THIS AGREEMENT, HAS BEEN ADVISED IN WRITING TO CONSULT WITH AN ATTORNEY BEFORE SIGNING IT AND HAS CONSULTED WITH HIS COUNSEL, ABDUL KARIM HASSAN, ESQ. REGARDING THE AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST THE COMPANY.**

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement and General Release as of the date set forth below:

**MANUEL GUARDIOLA**

+ Manuel Guardiola

Date: + 8-8-2015

So ordered
I. L. Farm
USDJ
8/17/15

**SKINNER PLUMBING & HEATING CORP.**

Print Name: Jesse Skinner

Title: President

Date: 8/12/15

6